SAMUEL FAUCETT *v.* HEARN, LEE & PINKARD, ET AL.

**Homestead Exemption.**

> Where one sells his house and lot on time payments and purchases another house and lot and pays for it by transferring a stock of dry goods, but bought it after becoming indebted, the transaction is not an exchange of one exempt piece of property for another so as to cause the exemption in the first to attach to the last. The sale of the first property operated to destroy the homestead, and exemption did not attach to the dwelling afterward purchased.

APPEAL FROM FLEMING CIRCUIT COURT.

January 20, 1880.

OPINION BY JUDGE HINES:

The only question we need to consider is whether the court erred in refusing to allot appellant a homestead.

About the 1st of February, 1874, appellant owned a house and lot and occupied it with his family. Prior to the 12th of February, 1874, he sold the house and lot on time and purchased the house and lot in which the homestead is claimed, and paid therefor in a stock of dry goods. The last purchase was made subsequent to the creation of the debts to appellees, and was not in any sense such an exchange of one exempt piece of property for another as would cause the exemption in the first to attach to the last. The absolute sale of the first piece of property operated to destroy the homestead, and ex-

emption did not follow the purchase-price or attach to the dwelling subsequently purchased.

We perceive nothing in the other assignment of errors that requires a response.

Judgment *affirmed*.

*W. H. Cord, for appellant.*

*W. S. Botts, Thomas Givens, for appellees.*

